Eastern District of Kentucky
TENDERED
Date 2|16|05
Leslie G. Whitmer
Clerk, U. S. District Court

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**PIKEVILLE**

Eastern District of Kentucky
**F I L E D**

JUN 2 2 2005

AT PIKEVILLE
LESLIE G. WHITMER
CLERK, U.S. DISTRICT COURT

CRIMINAL ACTION NO. 05-4-0CR

UNITED STATES OF AMERICA                                    **PLAINTIFF**

VS.                                   **PLEA AGREEMENT**

C & C MINING, INC.                                          **DEFENDANT**

\*   \*   \*   \*   \*   \*   \*

1.      Pursuant to Rule 11(c) of the Federal Rules of Criminal Procedure, this Plea Agreement is entered into by and between the United States of America, by Gregory F. Van Tatenhove, United States Attorney for the Eastern District of Kentucky, through H. Davis Sledd, Assistant United States Attorney for the Eastern District of Kentucky, and C & C Mining, Inc., hereinafter sometimes referred to as the "defendant", by and through its duly-authorized President, Clark Johnson, and defendant's attorney, Billy R. Shelton.

2.      By their signatures below, all parties to this Agreement understand and agree that this Plea Agreement constitutes the entire agreement between the United States and the defendant, and incorporates the complete understanding between the parties, and no other promises have been made by the United States to the defendant or to the attorney for the defendant. This document contains the complete and only plea agreement between the United States Attorney for the Eastern District

Page 1 of 6

of Kentucky and the defendant in this case, and supersedes all prior understandings, promises and/or representations, if any, whether written or oral, which may have existed between the parties.

3.      The defendant agrees to enter pleas of guilty, not nolo contendere or <u>Alford</u>, to the charges contained in Counts 1 and 2 of the above-captioned Criminal Information (all Counts). The defendant understands that all Counts of the Information charge a knowing and willful violation of a mandatory health and safety standard for underground coal mines set forth in the Federal Mine Safety and Health Act of 1977, specifically that the defendant committed the offense of failing to follow the MSHA-approved ventilation plan for the defendant's No. 6 Mine (Count 1), and failed to have water service to the fire suppression system on a coal conveyor belt in the mine(Count 2). At the time of the entry of its pleas of guilty, the defendant agrees that it will admit all facts alleged to which the pleas of guilty are entered. The defendant states and agrees that there exists a factual basis for each of its pleas of guilty within the meaning of Rule 11 of the Federal Rules of Criminal Procedure.

4.      The defendant agrees to execute a written <u>Defendant's Factual Basis for Guilty Pleas</u> which is to be signed prior to the filing of this Plea Agreement, setting forth the offenses to which its pleas of guilty are entered, the essential elements of the offenses, and an admission of the facts which set forth the defendant's actions which form the basis for its pleas of guilty.

5.      There is <u>no</u> agreement as to what the appropriate sentence pursuant to the defendant's pleas of guilty ought to be.

6.      The maximum punishment authorized to be imposed by the Court upon the defendant for each of Counts 1 and 2 of the Information to which the defendant is pleading guilty is a term of

probation of not more than five (5) years, a fine of not more than Two Hundred Thousand dollars ($200,000), or both, plus a mandatory special assessment of $125.00, pursuant to Title 18, United States Code, Section 3013, which special assessment is to be paid to the office of the United States District Court Clerk at the time of sentencing;

      7.     The United States and the defendant recommend the following sentencing guidelines calculations, and they may object to other calculations. This recommendation does not bind the Court in any way.

      A.     The 2003 edition of the United States Sentencing Commission Guidelines Manual, (November 1, 2003), (hereinafter "the Guidelines Manual"), shall be used for the purpose of calculating the sentence guidelines pursuant to the defendant's pleas of guilty as set forth herein;

      B.     There being no sentencing guideline expressly promulgated to cover the defendant's offense(s), pursuant to Section 2X5.1 of the Guidelines Manual the most analogous offense guideline is Section 2Q1.3 of the Guidelines Manual;

      C.     There being no specific offense characteristics under Section 2Q1.3 of the Guidelines Manual which apply to the defendant's offense(s), the defendant's base offense level is 6, and the defendant's sentencing guidelines range is within Zone A of the Guidelines Manual Sentencing Table if the defendant's Criminal History Category is Category I or Category II. No agreement exists about the defendant's criminal history category pursuant to Chapter 4 of the Guidelines Manual.

      8.     The defendant will not file a motion for a decrease in the offense level based on a mitigating role pursuant to Section 3B1.2 of the Guidelines Manual, or a departure motion pursuant to Guidelines Manual, Chapter 5, Parts H or K.

9. Understanding that such a stipulation is not binding upon the Court, the United States and the defendant stipulate and agree that imposition of a fine in the amount of $4,000.00 on each of the two counts of conviction, for a total fine of $8,000.00, is an appropriate fine in this case. If the Court imposes a fine totaling $8,000.00, the defendant agrees to pay the fine at the time of sentencing.

10. The defendant waives the right to appeal and the right to attack collaterally its guilty pleas, conviction, and sentence.

11. Upon the Court's acceptance of the defendant's pleas of guilty, the United States to move the Court for dismissal, at the time of the defendant's sentencing, of the Indictment now pending in this Court's Criminal Action No. 04-13, United States of America vs. Carl Johnson and Clark Johnson. Clark Johnson is the defendant's principal and agent, and Carl Johnson is the defendant's agent..

12. The defendant, acting by and through its agents, Carl Johnson and Clark Johnson, agrees to fully cooperate with the United States in the further prosecution and/or investigation of the matters set forth in the Information herein, the said Indictment, and any and all related matters, including but not limited to testifying truthfully in any and all proceedings related thereto if called as a witness therein. The defendant agrees to present said agents for interviews by representatives of the United States Department of Labor, Mine Safety and Health Administration, if called upon to do so, and will be completely forthright and truthful with all law enforcement agents with regard to all inquiries made of them regarding possible violations of the Federal Mine Safety and Health Act of 1977 in the Eastern District of Kentucky and elsewhere.

Page 4 of 6

considered null and void (of no effect).

13.     The United States agrees not to bring any additional charges against the defendant based upon evidence in the government's possession at the time of this Agreement and arising out of the defendant's conduct within the Eastern District of Kentucky, unless the defendant breaches this Agreement.

14.     It is understood and agreed that this Plea Agreement does not and cannot bind the United States Attorney's Offices in any other districts concerning any matters possibly being investigated or prosecuted in any districts other than the Eastern District of Kentucky.

15.     If the defendant breaches this Plea Agreement in any respect, the United States may, in its sole discretion, declare this Agreement to be null and void. In the event that this Agreement becomes null and void as a result of the actions of the defendant, it is understood and agreed that the United States may, in its sole discretion, reinstate the charges now pending against the defendant's agents set forth in the said Indictment and/or seek an indictment for any and all violations of federal laws, including charges of perjury or giving false statements. The defendant expressly waives any right to challenge the initiation of additional federal charges against it if it breaches this Agreement.

16.     By the subscription of this Plea Agreement, the defendant and its attorney acknowledge that (1) the defendant has read this entire Agreement, (2) this Agreement has been fully explained to the defendant and it completely understands all of the terms and provisions of this Agreement, and (3) the defendant's entry into this Plea Agreement is completely free and voluntary.

GREGORY F. VAN TATENHOVE
UNITED STATES ATTORNEY
EASTERN DISTRICT OF KENTUCKY

Date: 2-16-05          By: _____

H. Davis Sledd
Assistant United States Attorney

C & C Mining, Inc.

Date: 2-16-05          _____

By: Clark Johnson, President (duly-authorized)
Defendant

Date: 2-16-05          _____

Billy R. Shelton
Attorney for Defendant

APPROVED, this the 20th day of ____June____, 2005

_____

UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY

Final Page 6 of 6